## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

---

**Sally Walsh,**

      Plaintiff,

      v.

**The Partnerships and
Unincorporated Association Identified on
Schedule "A"**

      Defendants.

Case No. 1:26-cv-06675

---

## MOTION TO DISMISS

---

Dated: June 22, 2026

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
mtg@boylefred.com

***Attorney for Defendant 12***

## I.      Introduction

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix"), identified as Defendant 12 with the alias "hippiesale.com" on Schedule A, hereby moves to dismiss the complaint brought by Sally Walsh ("Plaintiff"). Plaintiff filed this Schedule A copyright action against 24 defendants, including Moving Defendant Magic Matrix. Plaintiff alleges that all of the defendants infringed various copyrighted works through online marketplace listings on Amazon, Walmart, Temu, and other platforms. However, the Complaint fails to plead facts establishing personal jurisdiction over Moving Defendant and improperly joins 23 other unrelated defendants based on conclusory allegations of coordination. Because Plaintiff has failed to plead facts demonstrating that Moving Defendant purposefully directed activities toward Illinois, and because the claims do not arise from the same transaction or occurrence, the Complaint should be dismissed pursuant to Rule 12(b)(2) and Rules 20 and 21, Fed. R. Civ. P.

## II.      Background

Plaintiff alleges that Moving Defendant sold a shirt bearing a dragonfly image that allegedly infringes one of Plaintiff's registered copyrights. Plaintiff identifies Moving Defendant on Schedule A under the alias hippiesale.com. Moving Defendant sold two accused shirts generating less than $50 in sales revenue. Plaintiff's Complaint does not identify any Illinois customer of Moving Defendant, any Illinois-directed advertising, any Illinois-specific marketing efforts, or any actual sale by Moving Defendant to an Illinois resident. Instead, Plaintiff relies upon generalized allegations directed collectively at all Schedule A defendants.

## III.      Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When personal jurisdiction is challenged, the plaintiff bears the burden of establishing a prima facie basis for the exercise of jurisdiction.

1

*Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020). In evaluating a Rule 12(b)(2) motion, the Court accepts well-pled factual allegations as true and resolves factual disputes in the plaintiff's favor, but the plaintiff must nevertheless allege facts sufficient to establish personal jurisdiction over the defendant. *Id*.

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants only where: (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be satisfied. Fed. R. Civ. P. 20(a)(2). District courts possess substantial discretion in determining whether joinder is appropriate and may sever improperly joined parties pursuant to Rule 21. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); Fed. R. Civ. P. 21.

IV.     **Argument**

    A.     **Plaintiff Has Failed to Establish Personal Jurisdiction Over Moving Defendant.**

A plaintiff bears the burden of establishing a *prima facie* basis for personal jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020). Specific personal jurisdiction exists only where the defendant has purposefully directed activities toward the forum state and the plaintiff's claims arise out of those forum-related activities. *See Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Here, Plaintiff's jurisdictional allegations are limited to the assertion that Defendants operate an online store that offers shipping to Illinois, accept payment in U.S. dollars, and, "on information and belief," have sold allegedly infringing products to Illinois residents. Compl. ¶ 2. Plaintiff further alleges, again only "on information and belief," that Defendants have offered to

sell and sold products to consumers within Illinois. *Id*. ¶ 16. These allegations are insufficient as a matter of law.

The Seventh Circuit has repeatedly rejected the proposition that the existence of an interactive website accessible in the forum state establishes personal jurisdiction. In *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, the court explained that if maintaining an interactive website were enough, "there is no limiting principle, a plaintiff could sue everywhere." *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). Accordingly, an online storefront accessible in Illinois does not, standing alone, demonstrate that a defendant purposefully directed activities toward Illinois.

The allegations here are materially indistinguishable from those rejected by Judge Blakey in a recent Schedule A copyright case, captioned *Nicolette Rahner v. The Partnerships and Unincorporated Associations Identified on Schedule A, et al.*, Case No. 1:26-cv-06678, in which Magic Matrix was also a defendant. There, the complaint, filed by the same plaintiff's counsel as in this case, alleged that defendants operated interactive online stores, offered shipping to Illinois, accepted payment in U.S. dollars, and "on information and belief," sold infringing products to Illinois residents. This Court dismissed the complaint *sua sponte*, holding that such allegations did not establish personal jurisdiction because plaintiff alleged no facts supporting an inference that defendants deliberately and continuously exploited the Illinois market and alleged no contacts beyond the existence of the websites themselves. *See Rahner*, Minute Entry Dismissing Case (Doc. 39).

Likewise, in *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, the court held that evidence showing only that an Illinois consumer could place an order through a website "amounts to nothing more than maintaining an interactive

3

website that is accessible in Illinois," which is insufficient to establish personal jurisdiction. *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No*. 20-cv-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021).

Nor does Plaintiff identify any actual Illinois sales by Moving Defendant. Instead, Plaintiff relies solely on allegations made "upon information and belief." Courts in this District have repeatedly held that plaintiff-generated transactions or generalized allegations of sales are insufficient. *See Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) (holding that test purchases shipped to Illinois were insufficient where plaintiff failed to identify evidence of transactions involving Illinois customers other than the test buys themselves). And again, Moving Defendant sold only two accused shirts generating revenue of less than $50.

Plaintiff's jurisdictional allegations therefore amount to nothing more than the assertion that Moving Defendant maintained an online storefront accessible from Illinois. Under *Advanced Tactical*, *Rubik's Brand*, and *Expeditee*, such allegations are insufficient to establish personal jurisdiction. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(2).

**B.       Plaintiff Has Improperly Joined 23 Other Unrelated Defendants.**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants only where: (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be satisfied. Fed. R. Civ. P. 20(a)(2). Although district courts possess substantial discretion in determining whether joinder is appropriate, Rule 20 does not permit unrelated defendants to be grouped together merely because they are alleged to have committed similar acts of infringement. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

4

The allegations in Plaintiff's Complaint are materially indistinguishable from allegations recently rejected by Judge Blakey in the *Rahner* Schedule A copyright infringement action. *See Rahner*, Minute Entry Dismissing Case (Doc. 39). There, the plaintiff alleged that the defendant online stores shared "unique identifiers," including common design elements and similarities in the allegedly infringing products, and that defendants' activities arose out of the same transaction or occurrence because they operated in the same online retail space. This Court rejected those allegations as conclusory and held that they were insufficient to support joinder under Rule 20.

Plaintiff, who is represented by the same counsel as in the *Rahner* case, makes the same allegations here. The Complaint alleges that the "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale," and therefore supposedly share a "logical relationship" demonstrating that defendants' conduct arises from the same transaction or occurrence. Compl. ¶ 7. Yet Plaintiff pleads no facts identifying any actual relationship among defendants, any agreement between defendants, any common ownership, any common management, any shared financial accounts, any common supplier, or any coordinated conduct whatsoever.

Instead, Plaintiff's theory of joinder rests entirely on the assertion that Defendants allegedly sold products depicting Plaintiff's copyrighted works through online marketplace storefronts. But courts have repeatedly held that allegations of similar infringement are insufficient to satisfy Rule 20. As one court explained, "committing the same type of violation in the same way does not link defendants together for the purpose of joinder." *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024) (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)). Likewise, courts in this

5

District have repeatedly held that plaintiffs cannot satisfy Rule 20 merely by alleging that multiple defendants infringed the same intellectual property. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024); *Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-5993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021).

Plaintiff characterizes this case as involving widespread infringement occurring through online marketplaces. But the fact that multiple defendants allegedly used the same marketplace platform and allegedly infringed the same copyrights does not establish that their conduct arose from the same transaction or occurrence. At most, those allegations describe separate and independent acts of alleged infringement committed by different defendants.

The Complaint therefore alleges nothing more than independent instances of alleged copyright infringement by unrelated defendants. Because Plaintiff has failed to plead facts demonstrating that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, joinder is improper under Rule 20. The Court should sever and dismiss the claims against Moving Defendant pursuant to Rule 21.

## V. Conclusion

For the foregoing reasons, Moving Defendant Magic Matrix Technology Co. Ltd., on behalf of Defendant 12 with the alias "hippiesale.com," respectfully requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, because Plaintiff has improperly joined 23 other unrelated defendants in a single action, the Court should sever and dismiss the claims against Moving Defendant pursuant to Rules 20 and 21.

Dated: June 22, 2026

s/Michael T. Griggs

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
mtg@boylefred.com

***Attorney for Defendant 12***

7