**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SALLY WALSH,

    Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:26-cv-06675

Judge Mary M. Rowland

Magistrate Judge Albert Berry, III

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT NO. 12'S MOTION TO DISMISS [26]**

Defendant No. 12 hippiesale ("Defendant") copied Plaintiff Sally Walsh's ("Walsh" or "Plaintiff") registered work, protected by U.S. Copyright Registration No. VA 2-377-711 (the "Sally Walsh Work"), and sold infringing T-shirts through its online storefront, including a completed, pre-suit sale that Defendant accepted, confirmed, and shipped to Illinois. Its Motion [26] nonetheless rests on a single premise: that Defendant, self-identified as "Magic Matrix Technology Co. Ltd," is a stranger swept into a dragnet on nothing more than an interactive website accessible in Illinois. The record refutes that premise, and this Court has already found it insufficient: after reviewing Plaintiff's proof of jurisdiction, the Court found personal jurisdiction established as to the Schedule A Defendants [25]. Defendant, for its part, supports its Motion with no declaration, affidavit, or exhibit.

This is Defendant's second bite at the identical motion. The Court already denied Defendant's first motion without prejudice on July 1, 2026, after its counsel failed to appear [22]. Plaintiff then submitted its per-defendant proof of jurisdiction as to all Defendants, namely, the purchase receipts of all infringing products with Illinois ship-to addresses [24]. On July 8, the

Court reviewed that proof and found personal jurisdiction established [25]. The very next day, Defendant re-filed the same form motion, offering no new fact, no declaration, no new authority, and no substantive argument undercutting the completed Illinois sale the Court had just credited. Nothing has changed since the Court's Order [25].

Defendant's refiled Motion fails for four independent reasons. First, because Defendant offers no declaration, affidavit, or exhibit, it controverts nothing, and Plaintiff's *prima facie* showing of jurisdiction must be accepted as true. Second, this Court has specific personal jurisdiction because Defendant accepted, confirmed, and shipped an infringing order into Illinois — the forum-directed conduct the Seventh Circuit held sufficient in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), and that courts in this District, including in *Manchester United Football Club Ltd. v. Partnerships*, No. 24 CV 5692, 2024 WL 5202272 (N.D. Ill. Dec. 23, 2024), have held sufficient. Third, Fed. R. Civ. P. 4(k)(2) independently supplies jurisdiction over this foreign Defendant. Fourth, Defendant's misjoinder argument fails because it ignores both the coordination the Complaint pleads among all Defendants and their convergence on Plaintiff's small portfolio of copyrighted works and the shared characteristics of their infringing activities. If any questions on joinder remain, Plaintiff should be granted leave to conduct discovery, as this Court has previously ordered. At minimum, the remedy for misjoinder is severance, not dismissal. For these reasons, the Court should deny the Motion in full.

I. **This Court Has Specific Personal Jurisdiction Because Defendant Accepted, Processed, and Confirmed an Infringing Order Bound for Illinois.**

A. Plaintiff Has Made a *Prima Facie* Showing of Personal Jurisdiction.

On a Rule 12(b)(2) motion decided on written materials without an evidentiary hearing, Plaintiff need only make a *prima facie* showing of personal jurisdiction, and "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue*

*Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003); *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). Two consequences follow. First, Defendant's premise that the Complaint "fails to plead facts establishing personal jurisdiction" misstates the law: "a complaint need not include facts alleging personal jurisdiction." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *Purdue*, 338 F.3d at 782. The question is whether Plaintiff's *evidence* makes out a *prima facie* case. Second, a plaintiff must "go beyond the pleadings and submit affirmative evidence" only "once the defendant has submitted affidavits or other evidence in opposition." *Purdue*, 338 F.3d at 782-83; *accord Curry*, 949 F.3d at 392–93. Defendant submitted none. Its Motion is unaccompanied by any declaration, affidavit, or exhibit. Defendant even admits to the Illinois sale and so creates no factual dispute. [26] at 1, 5. Plaintiff's proof stands and must be taken as true. *Curry*, 949 F.3d at 392-93. Indeed, this Court has already reviewed that proof and found jurisdiction established [24]; [25].

Pursuant to this Court's Order [22], Plaintiff submitted proof that each defendant "accepted and processed at least one order of the infringing products from customers located in Illinois." [24]. As to Defendant specifically, an investigator acting at the direction of Plaintiff's counsel purchased the accused "Whisper Words of Wisdom Dragonfly Print" T-shirt (Product ID WT0003J97N) from hippiesale.com; Defendant accepted, processed, and confirmed that order, charged in U.S. dollars through PayPal, and shipped it to an Illinois delivery address, where the carrier's tracking records confirm it was delivered in Chicago on April 14, 2026. [Vogt Decl. ¶¶ 4-7 & Exs. A, D.] That is a completed, confirmed, forum-directed sale, more than a mere offer to ship or a passive website.

B.  <u>Personal Jurisdiction Is Appropriate Under Seventh Circuit Precedent.</u>

In *NBA Properties*, the Seventh Circuit held that an online seller's acceptance of an order and shipment of an infringing product into the forum is purposeful availment supporting specific

3

jurisdiction, 46 F.4th at 621-24, and that there is "no unfairness in making a seller defend a suit in a state where it structured its business to 'easily serve the state's consumers,'" *id.* at 627 (quoting *Curry*, 949 F.3d at 402). Courts in this District apply that rule to Schedule A sellers: "a single sale can be enough to establish personal jurisdiction" over a foreign online seller. *Manchester United*, 2024 WL 5202272, at *4–5 (citing *NBA Props.*, 46 F.4th at 624); *see also Mercis, B.V. v. Individuals*, No. 24 C 5853, 2025 WL 540509, at *3 (N.D. Ill. Feb. 19, 2025). Courts in this District sustain jurisdiction even on a single investigator purchase where the sale confirms forum targeting. *See Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *4 (N.D. Ill. June 25, 2021) (sustaining jurisdiction over nine online sellers whose "only contact with Illinois was the sale and shipment of a single product to an Illinois address—a product bought by plaintiff's investigator," because those sales "confirm that the storefront defendants' ecommerce storefronts specifically and affirmatively targeted Illinois as a shipping location").

Defendant argues the test purchase should be disregarded because it was made at counsel's direction and shipped to a single Chicago address [26] at 5. However, Defendant's "manufactured jurisdiction" theory has been foreclosed in this district. The Seventh Circuit rejected this proposition in *NBA Properties*, holding that the buyer's "motivations in purchasing the allegedly illegal item are in no way relevant to an assessment of whether [the seller] has established sufficient contacts" with the forum; what matters is that the defendant positioned its business to accept, process, and confirm orders for shipping to Illinois. *NBA Props.*, 46 F.4th at 624. Having chosen to fill orders to Illinois, Defendant cannot now disown the forum contact it created. Its bare, unsworn assertion that it sold only "two shirts" for "less than $50" ([26] at 3) has no supporting basis, and cannot displace Plaintiff's documented, court-credited showing.

Defendant's cited cases do not help because none involve a documented, completed forum sale. Defendant relies on *Advanced Tactical Ordnance Sys. v. Real Action Paintball*, 751 F.3d 796 (7th Cir. 2014), *Rubik's Brand Ltd. v. P'ships*, 2021 WL 825668 (N.D. Ill. Mar. 4, 2021), *Expeditee LLC v. Entities on Exhibit 1*, 2022 WL 1556381 (N.D. Ill. May 17, 2022), and *Native American Arts, Inc. v. Contract Specialties*, 2010 WL 658864 (N.D. Ill. Jan. 28, 2010). Each turned on the absence of any completed, forum-directed transaction — the *be2* "passive website" posture, where the mere existence of an interactive website accessible in the forum does not establish jurisdiction. *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011); *cf. Unicolors, Inc. v. Shewin Flagship Shops*, No. 1:24-cv-02987, 2024 WL 4567268 (N.D. Ill. Oct. 24, 2024) (no jurisdiction where "screenshots do not show that any purchase was made or that any product was shipped"). Furthermore, these authorities predate *NBA Properties*, in which the Seventh Circuit has since held and reinforced that the buyer's identity and motive do not negate a defendant's actions in selling products into the forum state. *NBA Props.*, 46 F.4th at 621-22; *see also Yinnv Liu v. Monthly*, No. 25-2074, 2026 WL 918237, at *5 (7th Cir. Mar. 31, 2026) ("In the context of Schedule A litigation, a defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state, has been found sufficient to subject that defendant to personal jurisdiction."). Here, there is a documented, confirmed, pre-suit sale that Defendant accepted and shipped to Chicago. Defendant's actions in completing this purchase constituted the intentional, forum-directed conduct the Seventh Circuit describes.

Defendant also invokes *Rahner v. Schedule A*, No. 1:26-cv-06678, Dkt. 13 (N.D. Ill. June 10, 2026), but this case does not upset the analysis. *Rahner* is a *sua sponte*, pre-service screening order by a different judge (Blakey, J.) dismissing a different, unrelated complaint from a different plaintiff without prejudice, with leave to amend. It is a non-precedential, cure-window

5

order, and not a merits adjudication. It has no bearing on the completed Illinois sale documented in this record, and does not undermine Seventh Circuit precedent governing personal jurisdiction in Schedule A cases. Accordingly, the Court should find specific personal jurisdiction proper.

**II.    Rule 4(k)(2) Provides an Independent Basis for Personal Jurisdiction.**

Rule 4(k)(2) supplies an alternative, independent basis for exercising personal jurisdiction over this foreign Defendant: Plaintiff's claims arise under federal copyright law, 17 U.S.C. § 501; Defendant is a foreign entity [Compl. ¶ 16]; and Defendant's aggregate U.S. contacts are substantial — a U.S.-facing, U.S.-dollar storefront that accepted U.S. orders for the accused product, processed through payment accounts linked in the subpoena production. [Vogt Decl. ¶¶ 8-11 & Ex. C.] *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551-52 (7th Cir. 2001). The Seventh Circuit's burden-shifting rule supplies the remaining element: "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed," and if it "refuses to identify any other," the court "is entitled to use Rule 4(k)(2)." *ISI Int'l, Inc.,* 256 F.3d at 552; *see also* 28 U.S.C. § 1391(c)(3). Defendant has named no alternative forum and consented to none, so this Court may exercise personal jurisdiction over the Defendant under Rule 4(k)(2).

**III.   The Record and Judicial Economy Establish That Defendant is Properly Joined Under Rule 20.**

Rule 20 is a procedural "device centrally concerned with the economies of aggregating small claims" and is meant to "enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). It has no effect on substantive rights, *McGilvray v. Powell*, 186 F.2d 909, 911 (7th Cir. 1951), and, like every rule, must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1; *see United Mine Workers of Am. v. Gibbs*, 383 U.S.

6

715, 724 (1966) ("the impulse [under the Rules] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged."). Under Rule 20(a)(2), defendants may be joined where the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and share common questions of law and fact. Courts have "considerable flexibility" in applying that standard, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018), the touchstone being whether joinder "comport[s] with the principles of fundamental fairness," *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal citations omitted).

A. Joinder is Proper as Defendants' Infringement Demonstrates Coordination Among the Internet Stores, Establishing that the Claims Against Them Arise From the Same Occurrence or Series of Occurrences.

Defendant argues that similar infringement across a common platform is not enough, relying on *Roadget Business Pte. Ltd. v. Individuals*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024) (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)), and *Ilustrata Servicos Design Ltda. v. P'ships*, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021). However, the plaintiffs in *Roadget* and *Ilustrata* alleged only that unrelated sellers happened to infringe the same works on the same platform. *Ilustrata* found the same-transaction element unmet precisely because "[w]here defendants are not affiliated with one another, there is no evidentiary overlap in proving liability." *Id.* And *Roadget* itself cautioned that "the outcome might be different in other Schedule A cases, depending on the particular facts." 735 F. Supp. 3d at 986. Here, Plaintiff does not rest on similar infringement alone, and the record establishes concrete coordination among these storefronts.

Defendant and six co-defendant storefronts (Nos. 11, 13, 14, 15, 16, and 17) sell the identical accused item under the identical internal product ID "WT0003J97N," and five of them display that item using a byte-for-byte identical product-image file, served under the same

filename from the same content-delivery network (img.fantaskycdn.com); Nos. 16 and 17 draw their product images from that same network. [Vogt Decl. ¶ 8 & Ex. B, E.] A shared SKU and an identical product image reflect a common source of supply and a shared listing operation, not the "coincidentally identical" design of unrelated competitors.

Defendant's payment infrastructure further belies its claim of independence. Instead, Defendant is itself a sophisticated, multi-entity operator that conveniently omits any evidence about its true structure and operations. The subpoenaed PayPal production provided under this Court's Order [18] links eighteen separate payment accounts through a single common email address, under which Defendant's own accounts are registered, and seventeen of those accounts share a single registered account holder. Ten of the eighteen are held under the Magic Matrix entity; the remaining eight correspond to two other business names linked to that same email address. The purchase payment receipt for Defendant bears the "MAGICMATRIX" card-statement descriptor, placing it squarely within that commonly-controlled group. [Vogt Decl. ¶¶ 9-11 & Ex. C.] A seller that is genuinely an unrelated "stranger" does not sit inside a multi-account cluster all registered with the same contact information. Defendant alone knows its own corporate structure, but it has filed no declaration, corporate disclosure, and no notification of affiliates as required under Local Rule 3.2.

That convergence — one product source, one listing operation, and one payment cluster under a single email held almost entirely by one account holder — is the logical relationship Rule 20(a)(2)(A) requires; and while this pre-discovery record already ties Defendant directly to six of its co-defendants, that demonstrated coordination, together with the defendants' common exploitation of Plaintiff's narrow body of works through parallel Schedule A storefronts, places

the claims against all named defendants in the same series of transactions or occurrences, making joinder proper under Rule 20.

    B.  <u>There are Common Questions of Law and Fact Among the Defendants, Joinder Supports Judicial Economy, and Courts in This District Routinely Reject These Challenges.</u>

Joinder is also independently supported by the common questions of law and fact this case presents as to Defendant and all others listed on Schedule A: whether each storefront's products infringe Plaintiff's registered copyrights, whether the copying was willful, and what remedies follow under the Copyright Act. Each defendant, Defendant included, is "[taking] advantage of a set of circumstances — the anonymity and mass reach afforded by the internet and the cover afforded by international borders, to violate [Plaintiff's copyrights] with impunity." *Bose Corp. v. P'ships*, 334 F.R.D. 511, 516 (N.D. Ill. 2020); *accord Neman Bros. & Assocs., Inc. v. P'ships*, No. 24 C 05666, 2024 WL 5056449, at *4 (N.D. Ill. Dec. 10, 2024); *Aidong Zou v. Entities*, No. 23-cv-16600, Dkt. 60 (N.D. Ill. Mar. 8, 2024) (Kendall, J.) ("there is a clear logical relationship between Defendants' actions, as each Defendant copied [Plaintiff's] work … and set up online stores to sell the [infringing products] under a cloak of anonymity"); *Milwaukee Elec. Tool Corp. v. Individuals*, No. 24 C 12487, Dkt. 156 (N.D. Ill. May 28, 2025) (upholding joinder of more than eighty defendants). Dismissing Defendant now would squander the judicial economy Rule 20 exists to secure. Keeping the claims together at this time advances "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1; *see Chavez*, 251 F.3d at 632; *UWM Student Ass'n*, 888 F.3d at 863. Further, Defendant faces no prejudice from joinder at this time; it remains free to assert any defense available to it alone.

Courts in this District routinely reject materially identical misjoinder challenges in individual-artist Schedule A copyright cases, holding that at the pleading stage a complaint adequately supports joinder. *See Maier v. P'ships*, No. 25-cv-07534, Dkt. 58 (N.D. Ill. Mar. 25,

9

2026) (Alonso, J.) (denying the appearing defendant's motion to dismiss for improper joinder because, "at this early stage of the case, the Court is satisfied that the complaint adequately pleads sufficient facts supporting permissive joinder"); *accord Hein v. P'ships*, No. 25-cv-12608, Dkt. 38 (N.D. Ill. Mar. 4, 2026) (Durkin, J.) (denying motion to dismiss for misjoinder). Where the connection among storefronts is contested, courts in this District permit targeted discovery into the relationship rather than severing at the threshold. *See Ubifunstudio Co. v. Individuals*, No. 1:25-cv-03543, Dkt. 12 (N.D. Ill. July 18, 2025) (Valderrama, J.) (sustaining joinder because "the declaration and exhibits submitted in support" showed the Rule 20 requirements met); *Anderson Design Grp., Inc. v. P'ships*, No. 1:25-cv-11640, Dkt. 55 (N.D. Ill. Apr. 24, 2026) (Rowland, J.) (holding a misjoinder motion in abeyance and ordering "limited expedited discovery as to the relationships among the … Defendants").

C. The Appropriate Remedy is Severance, Not Dismissal.

Defendant asks the Court to "sever and dismiss" ([26] 7-8); however, even if joinder were improper, dismissal is not the remedy. "[M]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. A court "formulating a remedy for a misjoinder … is required to avoid gratuitous harm to the parties," severing rather than dismissing, *Elmore*, 227 F.3d at 1012; *accord Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Courts in this District that find joinder improper in Schedule A cases restructure the case; they do not dismiss it. *See Zaful (Hong Kong) Ltd. v. Individuals*, 2025 WL 71797, at *6 (N.D. Ill. Jan. 10, 2025) (denying relief without prejudice on a misjoinder finding); *Estée Lauder Cosms. Ltd. v. P'ships*, 334 F.R.D. 182, 190 (N.D. Ill. 2020) (reserving decision pending an amended complaint). Severance preserves the action against Defendant, whereas dismissal would end it and force Plaintiff to refile, duplicating filing fees and scattering identical claims across dockets to no one's benefit. "When a federal civil action is severed, it is not dismissed. Instead,

10

the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011), quoted in *UWM*, 888 F.3d at 864. And even severance is premature before the relationship discovery that this Court has been willing to order.

Defendant's own authority acknowledges this line. Even after finding some defendants misjoined, the *Roadget* court declined to sever the storefronts shown to share common ownership or a common operator, holding that those "connections are sufficient for [the] pairs of defendants to be joined together." 735 F. Supp. 3d at 987 n.4. And it ordered severance rather than dismissal precisely because dismissal "would lift the TRO" and let defendants move funds beyond reach. *Id.* at 987 & n.5; *Laika, LLC v. P'ships*, 2026 WL 1353809, at *2 (N.D. Ill. May 15, 2026) (Bucklo, J.) (denying severance where defendants "are coordinating their actions"). Defendant's demand that the Court "dismiss" it for misjoinder is therefore foreclosed by the cases it cites in its own Motion. Its alternative request for severance would at most move Defendant to its own docket, with the prior filings preserved, not end the case against it.

### IV. Conclusion.

Defendant's Motion is a refiling that changes nothing. Its acceptance, processing, and confirmation of an infringing order shipped to and delivered in Illinois establish specific personal jurisdiction under *NBA Properties* and do not disturb this Court's prior finding [25]. Its misjoinder argument similarly fails because Plaintiff's evidence — an identical product listing served from a shared source, and an eighteen-account, single-holder payment cluster registered under Defendant's email address — supplies the very coordination Defendant's own authorities found missing. In any event, the appropriate remedy for misjoinder at this stage is severance of the Defendant into its own case with all filings and relief transferred over, not dismissal.

11

DATED:  July 31, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail:  keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 31, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt

13