**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SALLY WALSH,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-06675

Judge Mary M. Rowland

Magistrate Judge Albert Berry, III

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO EFFECT SERVICE OF PROCESS BY ELECTRONIC MEANS**

### I.  INTRODUCTION

The Court's Order [18] of June 8, 2026, denied Plaintiff's motion for a temporary restraining order and for email service as Plaintiff had not addressed *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026), which holds that where the Hague Service Convention applies it "provides the permissible means of service and excludes all others," and that email service in China violates the Convention and Rule 4(f)(3). Plaintiff now presents the diligence the Court called for and moves, on that record, for leave to serve nineteen non-appearing Defendants by electronic mail and publication under Federal Rule of Civil Procedure 4(f)(3).

The nineteen Defendants fall into two groups, and each is authorized for electronic service, including email, on an independent footing that *Kangol* does not foreclose. For ten Defendants, a diligent investigation has established that no address resolving to the Defendant can be ascertained from any source. As to those Defendants the Convention, by its own terms, does not apply, and *Kangol*, which governs only where the Convention applies, is not engaged. For the remaining nine

Defendants, the address each publishes is in Hong Kong. Hong Kong made its own declarations under the Convention and did not object to Article 10(a), so *Kangol*, which rested entirely on the objection the People's Republic of China lodged to Article 10, does not reach them, and email falls within the Article 10(a) channel Hong Kong permits.

Plaintiff does not ask the Court to authorize email service into mainland China over *Kangol*. To the contrary, Plaintiff has identified four Defendants (Nos. 7, 8, 9, and 10) whose mainland-China addresses have been ascertained, and will serve those Defendants through the Central Authority of the People's Republic of China, exactly as the Convention and *Kangol* require. That routing is what distinguishes the nineteen Defendants for whom email service is sought here.

## II. THE TEN DEFENDANTS WHOSE ADDRESSES ARE NOT KNOWN MAY BE SERVED BY EMAIL BECAUSE THE CONVENTION DOES NOT APPLY TO THEM

Rule 4(f)(3) authorizes service on a foreign defendant "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The international agreement in view is the Hague Service Convention, and by its own terms the Convention "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361. Where the Convention does not apply, it prohibits nothing, and email service ordered under Rule 4(f)(3) is available so long as it comports with due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-18 (9th Cir. 2002) (email service authorized under Rule 4(f)(3)).

*Kangol* does not bar this. *Kangol* holds that, "where it applies," the Convention "provides the permissible means of service and excludes all others," and that email service in China violates the Convention because China objected to Article 10. 177 F.4th at 800-01. That holding is expressly conditioned on the Convention applying. Where the address of the person to be served

is not known, the Convention does not apply, the condition *Kangol* requires is absent, and its exclusivity holding is never triggered.

The "address is not known" inquiry is demanding, and Plaintiff has met it. A plaintiff invoking Article 1 must make reasonably diligent efforts to ascertain the defendant's address, and mere assertions about the reliability of a defendant's publicly available address do not substitute for actual diligence. *See NBA Props., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). The accompanying Declaration of Yanling Jiang ("Jiang Decl.") documents that diligence Defendant by Defendant. For each Defendant, counsel identified every physical address available from any source, which comprised the address the Defendant publishes on its own storefront and the address it declared to its payment processor, and searched each through the tools appropriate to the jurisdiction. Jiang Decl. ¶¶ 3-6, 16-20.

For the ten Defendants in this group, that diligence established that no address resolves to the Defendant. Eight publish no physical address at all. Jiang Decl. ¶ 17. For those that declared an address to their payment processor, the declared address does not resolve to the Defendant: it is a mass-registration urban-village room shared across dozens of accounts, a city that mismatches the company's own registration, a bare street name with no unit, or a foreign address that could not be confirmed. *Id.* ¶ 18. The ten Defendants are No. 3 (kelisiting.com), No. 5 (airpears.com), No. 6 (yellowf.com), No. 16 (goodsmarkets.com), No. 17 (citybeloved.com), No. 18 (kubaola.com), No. 19 (wonderclosets.com), No. 21 (luxuristore.com), No. 22 (noabella.com), and No. 23 (freemagician.com).

Because the Convention does not apply to these Defendants, and because email to the customer-service address each publishes on its own storefront (Jiang Decl. Ex. D) is "reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), and reaches a defendant that exists only as an online storefront on the very channel it holds out for contact, *Rio Props.*, 284 F.3d at 1018, service by email and electronic publication on these ten Defendants is proper under Rule 4(f)(3).

**III.     THE NINE HONG KONG DEFENDANTS MAY BE SERVED BY EMAIL THROUGH THE ARTICLE 10(a) CHANNEL HONG KONG PERMITS**

Hong Kong is distinct from Mainland China for Article 10(a) purposes. Hong Kong permits service through the Article 10(a) channel, and email falls within that channel. Each of the nine Defendants in this group publishes a Hong Kong address on its own storefront. Because Hong Kong does not oppose Article 10(a), service by email on each of these Defendants is proper under the Hague Service Convention and Rule 4(f)(3). The nine Defendants are No. 1 (naturocraftshop.com), No. 2 (hokykm.com), No. 4 (lanopal.com), No. 11 (fnooo.com), No. 13 (hnear.com), No. 14 (flycola.com), No. 15 (eooaa.com), No. 20 (lvkoko.com), and No. 24 (justfashionnow.com).

*Kangol* does not reach them. The Seventh Circuit's holding in *Kangol* rested on the declaration of the People's Republic of China objecting to Article 10 in its entirety. 177 F.4th at 800-01. Hong Kong is different. Although Hong Kong is a Special Administrative Region of China, China's accession on Hong Kong's behalf carried a separate declaration for the Region, and that declaration objects only to sub-paragraphs (b) and (c) of Article 10; it does not object to Article 10(a). *See* HCCH, Declaration/Reservation/Notification: China, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited Aug. 6, 2026) (Hong Kong SAR declaring,

as to Article 10, only with reference to "sub-paragraphs b and c"). Courts have read that declaration the same way: "Because Hong Kong appears to have objected to Article 10(b) and (c), a party's only avenue for effecting service in Hong Kong with respect to Article 10 is through 10(a)." *Home Casual Enterprise Ltd. v. Home Casual, LLC*, No. 11-cv-661-wmc, 2012 WL 13042156, at *5 (W.D. Wis. Nov. 13, 2012); accord *Willis v. Magic Power Co.*, No. 10-4275, 2011 WL 66017, at *3 (E.D. Pa. Jan. 7, 2011) (Hong Kong permits international service of process by mail under Article 10(a) because it "object[ed] only to Articles 10(b) and 10(c)"); *see also Ackourey v. Noblehouse Custom Tailors*, No. 13-cv-2319, 2013 WL 6061365, at *3 (E.D. Pa. Nov. 15, 2013) ("within the territory of Hong Kong, the Article 10(a) right to effectuate service of process by postal channels directly to persons in Hong Kong remains intact"); *see also Adidas AG v. Jerseyjj0.com*, No. 1:26-cv-21511-GAYLES, 2026 WL 828768 (S.D. Fla. Mar. 26, 2026) (authorizing service by email and website posting on an online seller believed to operate from China, including Hong Kong, and noting that Hong Kong has not objected to Article 10(a)); *see also Louis Vuitton Malletier v. Lilyhualove*, No. 25-62414-CIV, 2026 WL 1664113 (S.D. Fla. Jan. 23, 2026) (authorizing alternative service by email and web publication on Hong Kong defendants because such service was not prohibited by international agreement); *see also Shenzhen Zhiying Tech. Co. v. Hong Kong Xingtai Int'l Trade Co.*, No. C25-2263-KKE, 2026 WL 44822 (W.D. Wash. Jan. 7, 2026) (granting motion for electronic service on a Hong Kong defendant and holding that, even if the Hague Convention applied, email service on defendants located in Hong Kong was not prohibited by the Convention or any other international agreement). The objection that drove *Kangol* is therefore absent as to Hong Kong.

Article 10(a) preserves the freedom to send judicial documents through postal channels where the destination state does not object, and the Supreme Court has confirmed that in that

circumstance the Convention does not prohibit the channel. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 280 (2017) (service is permissible where "the receiving state has not objected to service by mail" and "service by mail is authorized under otherwise-applicable law"). Both conditions are satisfied here: Hong Kong has not objected to Article 10(a), and Rule 4(f)(3) authorizes the Court to direct this means. Email falls within Article 10(a). The Hague Conference's Special Commission on the Practical Operation of the Convention concluded in July 2024 that "Article 10(a) includes transmission and service by e-mail, insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination." Conclusions & Recommendations of the Special Commission on the Practical Operation of the 1965 Service Convention and Related Instruments ¶ 105 (July 2024). Both predicates are satisfied here: Rule 4(f)(3) provides the method under the law of the State of origin, and Hong Kong permits it under the law of the State of destination. Because Hong Kong permits the Article 10(a) channel and email travels within it, service by email on the nine Hong Kong Defendants, directed to the customer-service email address each Defendant publishes, is consistent with the Convention and authorized under Rule 4(f)(3).

**IV.**    *KANGOL* **IS SATISFIED, NOT AVOIDED: THE MAINLAND-CHINA DEFENDANTS WILL BE SERVED THROUGH THE CENTRAL AUTHORITY**

The best evidence that this Motion respects *Kangol* is what it does not ask. Four Defendants (Nos. 7, 8, 9, and 10) have ascertained addresses in mainland China. Jiang Decl. ¶¶ 13-15. For those Defendants the Convention applies, the People's Republic of China objected to Article 10, and under *Kangol* email service is unavailable. Plaintiff will accordingly serve those four Defendants through the Central Authority of the People's Republic of China under Article 5 of the Convention, and seeks no relief as to them in this Motion. Defendant No. 12 has appeared through counsel and is not addressed here. It is precisely because Plaintiff routes the mainland-China

Defendants to the Central Authority that the email request for the nineteen Defendants in Parts II and III is faithful to *Kangol* rather than an end-run around it.

## V.    ISSUANCE OF SUMMONS

Plaintiff requests that the Clerk issue a single summons directed to the nineteen Defendants identified in Parts II and III, whom Plaintiff will serve by email and electronic publication. A single collective summons is appropriate for those Defendants, who are named collectively on Schedule A; it avoids the needless multiplication of process while preserving each Defendant's full period to respond, measured from the date of service upon that Defendant. Because Defendants Nos. 7, 8, 9, and 10 will be served through the Central Authority of the People's Republic of China, Plaintiff further requests two additional summonses: one directed to Defendants Nos. 7, 8, and 9 as appears and in the name of the company registered on their shared account, 深圳市极尽科技有限公司 (Shenzhen Jijin Technology Co., Ltd.), and one directed to Defendant No. 10 as appears and in the name of its registered company, 义乌市缕贲电子商务有限公司 (Yiwu Lvben Electronic Commerce Co., Ltd.).

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve the nineteen non-appearing Defendants identified in Parts II and III by electronic mail and publication under Rule 4(f)(3), direct that the summonses described in Part V issue, and grant such further relief as the Court deems just.

DATED: August 6, 2026                Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq.