**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SALLY WALSH,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-06675

Judge Mary M. Rowland

Magistrate Judge Albert Berry, III

## DECLARATION OF YANLING JIANG

I, Yanling Jiang, of the City of Chicago, in the State of Illinois, declare as follows:

1.      I am an attorney at JiangIP LLC, one of counsel for Plaintiff Sally Walsh in this action, and I am admitted to practice law in the States of Illinois and California and before this Court. Except as otherwise expressly stated, I have personal knowledge of the following facts and, if called as a witness, could and would competently testify to them. I am a native Mandarin speaker, was raised and resided in the People's Republic of China for approximately twenty years, and personally conducted or directed and personally reviewed the research described below.

2.      I have reviewed Article 1 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which provides that the Convention "shall not apply where the address of the person to be served with the document is not known." I have also reviewed the declarations that the People's Republic of China and, separately, the Hong Kong Special Administrative Region have made under the Convention.

## I. Methodology

3. This action involves twenty-three non-appearing Defendants. Defendant No. 12 (hippiesale.com) has appeared through counsel and is not addressed in this declaration. For each of the twenty-three non-appearing Defendants, I or someone under my direction identified every physical address available from any source in the record, which comprised (a) the address the Defendant publishes on its own storefront website and (b) the address the Defendant declared to its payment processor, PayPal, Inc., as produced in response to Plaintiff's subpoena.

4. I applied research tools appropriate to the jurisdiction of each address: for addresses in Hong Kong, Google web search, Google Maps, and the Hong Kong Companies Registry; for addresses in the People's Republic of China, Google web search, Google Maps, Chinese-character map searches on Baidu Maps and Amap, and comparison against the registered particulars of the company the Defendant named; and, where a Defendant published no address, a capture of the page on which the Defendant provides its contact information confirming that no address appears.

5. Searches were run and captured between July 6 and August 5, 2026. Exhibit A sets out, for each Defendant, the address or addresses of record, the source of each, and the result of each search; Exhibit B collects the company registry records; Exhibit C indexes the website and map captures; and Exhibit D lists the customer-service email address each Defendant publishes on its own storefront.

6. The investigation produced three groups of Defendants. For nine Defendants the investigation identified a physical address in Hong Kong. For four Defendants it ascertained a physical address in the People's Republic of China. For the remaining ten Defendants it

established that no physical address resolving to the Defendant could be ascertained from any source.

7. I make this declaration in support of Plaintiff's Motion for Leave to Effect Service of Process by Electronic Means, so that the record of Plaintiff's diligence is before the Court. The findings for each Defendant are set out below and in the accompanying Exhibits.

## II. Defendants that publish a Hong Kong address

8. Each of the nine Defendants in this Section publishes, on its own storefront, a physical address in Hong Kong.

9. Defendants Nos. 1 (naturocraftshop.com), 2 (hokykm.com), 4 (lanopal.com), and 20 (lvkoko.com) each publish the company name "Hongkong Milvus E-Commerce Limited" and the Hong Kong address "FLAT 1506, 15/F, CHEUNG FUNG COMMERCIAL BLDG, 21-25 CHEUNG SHA WAN ROAD, Sham Shui Po, Hong Kong." (Ex. A, rows 1, 2, 4, 20; Ex. B, entry 1.)

10. Defendants Nos. 11 (fnooo.com), 13 (hnear.com), 14 (flycola.com), and 15 (eooaa.com) each publish the company name "Wulu Link Limited" and the Hong Kong address "Room 1508, 15/F, Office Tower Two, Langham Place, 625 Nathan Road, Mong Kok, Hong Kong." (Ex. A, rows 11, 13, 14, 15; Ex. B, entry 2.)

11. Defendant No. 24 (justfashionnow.com) publishes the company name "HONGKONG FANXING CO., LIMITED" and the Hong Kong address "9/F MW TOWER NO.111 BONHAM STRAND SHEUNG WAN HONGKONG." (Ex. A, row 24; Ex. B, entry 3.)

12. For each of these nine Defendants, the customer-service email address the Defendant publishes on its own storefront is set out in Exhibit D.

**III.    Defendants whose address in the People's Republic of China was ascertained**

13.    Defendants Nos. 7 (aomiss.com), 8 (funiya.com), and 9 (shelery.com). These three storefronts share a single PayPal account, which declares the registered company 深圳市极尽科技有限公司 (Shenzhen Jijin Technology Co., Ltd.) at 深圳市宝安区新桥街道沙企社区蚝乡路佳华领创广场 1004 (Unit 1004, Jiahua Lingchuang Plaza, Bao'an District, Shenzhen). The PRC company registry reflects that this is the company's registered address, that the company is active, and that the unit is a specific, identifiable unit in a commercial office building. (Ex. A, rows 7, 8, 9; Ex. B, entry 4.)

14.    Defendant No. 7 additionally publishes the company name "Mgoat Technology Limited" and a Hong Kong address. The Hong Kong Companies Registry records Mgoat Technology Limited as live, with a registered office of record in Kwun Tong that is not the address Defendant No. 7 publishes. Defendant No. 7 therefore has two ascertained addresses, one in Shenzhen and one in Hong Kong. (Ex. A, row 7; Ex. B, entry 5.)

15.    Defendant No. 10 (hibahdiamondpaintingartstudio.com). This Defendant publishes on its own website, and declared to its payment processor, the company name 义乌市缕贲电子商务有限公司 (Yiwu Lvben Electronic Commerce Co., Ltd.). I searched that company in the People's Republic of China company registry. It is a live company (存续), Unified Social Credit Code 91330782MA28E18F0M, legal representative 姜金虎, incorporated July 4, 2016, and its registered address of record is 浙江省义乌市北苑街道春华路 588 号 A9 栋 306 室 (Room 306, Building A9, No. 588 Chunhua Road, Beiyuan Subdistrict, Yiwu City, Zhejiang Province). That registered address is in mainland China. The address this Defendant publishes on its storefront (in the North Station area of Houzhai

Subdistrict, Yiwu) and the address it declared to its processor (a hamlet in Jiangxi Province) each differ from the registered address of record. I accordingly treat Defendant No. 10 as a Defendant whose physical address is in the People's Republic of China, and Plaintiff will serve it at its registered address through the Central Authority. (Ex. A, row 10; Ex. B, entry 13.)

**IV. Defendants for whom no address resolving to the Defendant could be ascertained**

16. As to the ten Defendants in this Section, no physical address that resolves to the Defendant could be ascertained from any source I searched.

17. Defendants Nos. 3 (kelisiting.com), 5 (airpears.com), 6 (yellowf.com), 18 (kubaola.com), 19 (wonderclosets.com), 21 (luxuristore.com), 22 (noabella.com), and 23 (freemagician.com) publish no physical address whatsoever. I captured the contact page for each; each provides an email address, and in some instances a telephone number, and none provides any street address, company name, or country. Defendant No. 22 has not edited its storefront template at all, giving the contact email as "info@example.com." (Ex. A, rows 3, 5, 6, 18, 19, 21, 22, 23.)

18. For six of those eight Defendants the PayPal production supplied a declared address, and in each instance the address does not resolve to the Defendant: a mass-registration urban-village room shared across at least thirty-two accounts and seven companies (No. 3); a company whose registered city differs from the declared city (Nos. 5, 23); a declared entity naming a different province and an unrelated trade with no unit number (No. 6); a shared village sole-proprietor convenience store whose exact unit is not disclosed (Nos. 18, 21, 22); and a German street address that could not be confirmed, with no address in China on file (No. 19). (Ex. B, entries 6 through 10.)

19. Defendant No. 16 (goodsmarkets.com) publishes a company name and address in which the named tower does not exist (World Finance Centre has a North Tower and a South Tower, not an East Tower), and the Hong Kong Companies Registry returned no active entity reconcilable to the published name. (Ex. A, row 16; Ex. B, entry 11.)

20. Defendant No. 17 (citybeloved.com) publishes only a floor of a commercial tower, with no unit number and no company name, so there is no name to search in the registry, and PayPal produced no account for it. No physical address that resolves to this Defendant is available from any source. (Ex. A, row 17; Ex. B, entry 12.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026

/s/ Yanling Jiang
Yanling Jiang
Counsel for Plaintiff Sally Walsh