**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SALLY WALSH,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-06675<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Albert Berry, III** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff SALLY WALSH ("Walsh" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Walsh's Motion as follows.

This Court finds Walsh has provided notice to Defendants in accordance with and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Walsh has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and

versions of Walsh's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-376-032; VA 2-377-711; and VA 2-376-025 (the "Sally Walsh Works") to residents of Illinois. In this case, Walsh has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Sally Walsh Works. *See* Docket No. [24-1], which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Sally Walsh Works.

This Court also finds that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion establishes that Walsh has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Walsh will suffer irreparable harm if the injunction is not granted.

Specifically, Walsh has proved a *prima facie* case of copyright infringement because (1) the Sally Walsh Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Sally Walsh Works, and (3) Defendants' use of the Sally Walsh Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Walsh. Furthermore, Defendants' continued and unauthorized use of the Sally Walsh Works irreparably harms Walsh through diminished goodwill and brand confidence, damage to Walsh's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Walsh has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Sally Walsh Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sally Walsh product or not authorized by Walsh to be sold in connection with the Sally Walsh Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sally Walsh product or any other product produced by Walsh, that is not Walsh's or not produced under the authorization, control, or supervision of Walsh and approved by Walsh for sale under the Sally Walsh Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Walsh, or are sponsored by, approved by, or otherwise connected with Walsh; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Walsh, nor authorized by Walsh to be sold or offered for sale, and which bear any of Walsh's copyrights, including the Sally Walsh Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Walsh's request, those with notice of this Order, including any marketplace platforms such as PayPal, Inc. ("PayPal") (the "Third Party Providers"), shall within

seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Sally Walsh Works.

4. Any Third Party Providers, including PayPal, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Sally Walsh, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

5. Walsh may provide notice of the proceedings in this case to Defendants, and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Sally Walsh and any e-mail addresses provided for Defendants by third parties.

6. Plaintiff's Exhibit 2 to the Declaration of Sally Walsh [17][34] is unsealed.

7. Within seven (7) calendar days of entry of this Order, Walsh shall deposit with the Court twenty-four thousand dollars ($24,000) ($1,000 per defendant), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

SO ORDERED:

Dated: September 30, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | naturocraftshop.com |
| 2 | hokykm.com |
| 3 | kelisiting.com |
| 4 | lanopal.com |
| 5 | airpears.com |
| 6 | yellowf.com |
| 7 | aomiss.com |
| 8 | funiya.com |
| 9 | shelery.com |
| 10 | hibahdiamondpaintingartstudio.com |
| 11 | fnooo.com |
| 12 | hippiesale.com |
| 13 | hnear.com |
| 14 | flycola.com |
| 15 | eooaa.com |
| 16 | goodsmarkets.com |
| 17 | citybeloved.com |
| 18 | kubaola.com |
| 19 | wonderclosets.com |
| 20 | lvkoko.com |
| 21 | luxuristore.com |
| 22 | noabella.com |
| 23 | freemagician.com |
| 24 | justfashionnow.com |