UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Sally Walsh,**

Plaintiff,

v.

**The Partnerships and Unincorporated Association Identified on Schedule "A"**

Defendants.

Case No. 1:26-cv-06675

**DEFENDANT 12 (HIPPIESALE.COM)'s ANSWER TO THE COMPLAINT**

Dated: October 22, 2026

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

***Attorney for Defendant 12 (hippiesale.com)***

Defendant 12, hippiesale.com, hereby files its Answer and Additional Defenses in response to the Complaint (ECF 1) filed by Plaintiff Sally Walsh ("Walsh"), as follows:

**JURISDICTION AND VENUE**

1. Admitted.

2. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**INTRODUCTION**

3. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4. Denied that Defendant 12 is selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

5. Admitted that Walsh is identified as the Copyright Claimant for the copyright registrations identified in this paragraph. Defendant 12 denies any allegation of copyright infringement. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

6. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

7. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

## THE PLAINTIFF

8. Admitted that Walsh is identified as the Copyright Claimant for the copyright registrations identified in Exhibit 1 of the Complaint. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

9. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

10. Admitted that Walsh is identified as the Copyright Claimant for the copyright registrations identified in Exhibit 1 of the Complaint. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

11. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**THE DEFENDANTS**

16. Admitted that Defendant 12 is domiciled in China and conducts business in the United States through its internet stores. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

17. Defendant 12 repeats and incorporates by reference herein the statements contained in the above paragraphs.

18. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

21. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

22. Denied with respect to Defendant 12. Defendant 12 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant 12 denies that Plaintiff is entitled to any relief requested in the Complaint, or any other relief.

**ADDITIONAL DEFENSES**

Subject to its responses above, and upon information and belief, Defendant 12 alleges and asserts the following defenses in response to the Complaint.

**1. Noninfringement**

Defendant 12 has not infringed any of the Plaintiff's copyrighted works.

**2. Invalidity**

Plaintiff's purported copyrights are not valid.

**3. License**

Plaintiff has granted an express or implied license for Defendant 12's actions.

**4. Fair Use under 17 U.S.C. § 107**

Defendant 12's actions constitute fair use under 17 U.S.C. § 107 and therefore does not constitute infringement of Plaintiff's copyrighted works.

**5. Misjoinder under 35 U.S.C. § 299**

Defendant 12 has been improperly joined with the other defendants listed on Schedule A because Plaintiff's allegations against all of the defendants do not arise out of the same transaction, occurrence, or series of transactions and occurrences.

**6. Insufficient Service of Process under Rule 12(b)(5)**

Plaintiff failed to serve the complaint in accordance with the requirements of The Hague Convention.

**7. Equitable Defenses**

Plaintiff's claims of infringement are barred, in whole or in part, by the doctrines of waiver, estoppel, prosecution laches, unclean hands, acquiescence, and/or other applicable equitable doctrines.

**8. 17 U.S.C. § 504(c)(2)**

Any statutory damages awarded should be reduced under 17 U.S.C. § 504(c)(2) because Defendant 12 was not aware and had no reason to believe its acts constituted an infringement of copyright.

Dated: October 22, 2026

s/Michael T. Griggs

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

***Attorney for Defendant 12 (hippiesale.com)***