**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Sally Walsh,

*Plaintiff*,

v.

The Partnerships and Unincorporated Association Identified on Schedule " A " ,

*Defendants*.

Case No. 1:26-cv-06675

**Judge Mary M. Rowland**

**DECLAEARION OF XINYU ZOU IN SUPPORT OF DEFENDANTS AOMISS.COM, FUNIYA.COM, AND SHELERY.COM MOTION TO DISMISS**

I, Xinyu Zou, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. I submit it in support of the motion to dismiss by defendants aomiss.com, funiya.com, and shelery.com (the " Websites " ) and their request for relief from the asset restraint in this action. The facts stated below are based on my personal knowledge and my review of the business records identified below.

2. I am the manager of Shenzhen Jijin Technology Co., Ltd. ( 深圳极尽科技有限公司 ) (the " Company " ). The Company is the owner of the three Websites and the connected PayPal account which is under restrained.

3. The Company has no connection with any other defendants in this action.

4. Through the responsibilities described above, I am familiar with the relevant order

and payment records and how they are maintained. The Websites use Shoplazza to record orders.

5. The records identify the accused product as " Women's Casual Dragonfly&Bird Printed Waistband Overall, " style Picture 1/S, SKU WJU174474-PT100S (the " Accused Product " ). I use that term only to identify the product addressed in this declaration, not as an admission of infringement.

6. **Exhibit 1** contains true and correct copies of the historical order-search screenshots for the Accused Product on aomiss.com, funiya.com, and shelery.com. Each screenshot shows a search for SKU WJU174474-PT100S, with no start or end date entered in the displayed date fields, and one matching order record.

7. For aomiss.com, the only matching order is AGY45865, internal order number 9146971977313626917 97. The order-detail page records a placement date and time of March 26, 2026, at 13:23:34, one unit of the Accused Product, an item subtotal of US$32.99, shipping of US$6.99, a tariff of US$1.65, and total payment of US$41.63. The status is " Paid " and " Unfulfilled. " A true and correct copy of that order-detail page is attached as **Exhibit 2**.

8. For funiya.com, the only matching order is VAT22505, internal order number 2209768197730001101944. The order-detail page records a placement date and time of March 26, 2026, at 13:01:06, one unit of the Accused Product, an item subtotal of US$32.99, shipping of US$6.99, and total payment of US$39.98. The status is " Paid " and " Unfulfilled. " A true and correct copy of that order-detail page is attached as **Exhibit 3**.

9. For shelery.com, the only matching order is MBZ02035, internal order number 2212237197730146588920. The order-detail page records a placement date and time of March 26, 2026, at 13:03:16, one unit of the Accused Product, an item subtotal of US$32.99, shipping

of US$6.99, and total payment of US$39.98. The status is " Paid " and " Unfulfilled. " A true and correct copy of that order-detail page is attached as **Exhibit 4**.

10. The three orders therefore comprise three units in total—one on each Website—with aggregate recorded payments of US$121.59. Of that amount, US$98.97 represents the combined item subtotals, US$20.97 represents shipping charges, and US$1.65 represents the tariff recorded on the aomiss.com order. These figures are gross transaction amounts, not a calculation of net profit.

11. Based on my review of the Accused Product's order histories, each Website received only one order for that product with a destination anywhere in the United States. Those are the three orders identified above. I found no other U.S.-destination order for the Accused Product in the histories reviewed, whether in Illinois or elsewhere in the country.

12. All three orders remained unfulfilled. None of the three units was shipped to the purchaser. The Illinois address in each order was an intended delivery address, not evidence of a completed delivery.

13. All three order-detail pages identify the delivery recipient as Larry Carter and give the same email address, o.o@gmail.com (displayed with varying capitalization), the same telephone number, +1 216 375 8845, and the same delivery address: 1111 W 35th Street, 15th Floor, Chicago, Illinois. The aomiss.com page also displays ZIP Code 60609-1404.

14. The aomiss.com page displays " Oo Ooo " as the customer-account name, whereas the funiya.com and shelery.com pages display " Larry Carter. " The delivery recipient, email address, telephone number, and street address nevertheless match across all three orders. The aomiss.com historical order-search result also identifies the recipient as Larry Carter.

15. Each order - detail page records the same visitor IP address :

2a02:6ea0:d802:2111::11. Each also displays Seattle, Washington, United States, as the platform's IP-location result.

16. The platform's recorded placement times show that all three orders were placed on March 26, 2026, within approximately twenty-three minutes. Each order was for one unit of the same SKU and the same Picture 1/S variant.

17. Based on the matching delivery recipient, contact details, address, and recorded IP address, together with the same-day timing and identical product selections, I believe that the same person placed all three orders. The fact that these were the only U.S.-destination orders for the Accused Product also leads me reasonably to believe they were test purchases made in connection with investigating or pursuing an infringement claim, rather than purchases by three unrelated retail customers.

18. As of today, approximately USD 47,143 was frozen and unavailable for withdrawal in the Company's PayPal account. A true and correct copy of amount frozen in PayPal account is attached hereto as **Exhibit 5**.

19. The amount unavailable to the business continues to increase daily as additional receipts are credited to the restricted account or accounts. The restraint therefore does not affect only the three payments for the Accused Product. It also prevents access to incoming funds needed as working capital for continuing operations.

20. The US$121.59 in aggregate payments recorded for the Accused Product is a small fraction of the reported frozen balance if that balance is denominated in U.S. dollars. The freeze prevents the business from using funds substantially exceeding the receipts from the three identified orders, none of which was fulfilled.

21. The continuing restraint is placing increasing pressure on the business's working

capital and ability to meet its ordinary operating obligations. If it remains in place at its present level and continues to absorb daily receipts, I believe it will cause a serious cash-flow shortfall and jeopardize the continuity of operations.

22. I respectfully request that the Court consider the limited transactions identified above and the continuing cash-flow impact when deciding whether to reduce or otherwise modify the restraint to an amount and scope the Court considers appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2026.

By: Xinyu Zou