**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SALLY WALSH,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:26-cv-06675<br><br>Judge Mary M. Rowland<br><br>Magistrate Judge Albert Berry, III |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's September 30, 2026 Order [43], Plaintiff Sally Walsh ("Plaintiff") files this status report solely on behalf of Plaintiff. It addresses the status of each group of appearing Defendants and the status of, and Plaintiff's intentions for, the remaining non-appearing Defendants.

## I. Appearing Defendants

### A. Defendant No. 12 hippiesale.com ("Magic Matrix")

Defendant No. 12 appeared through counsel on June 10, 2026 [19] and moved to dismiss for lack of personal jurisdiction and misjoinder as Magic Matrix Technology Co., Ltd. [26]. The Court denied that motion on August 12, 2026 [41], and entered the preliminary injunction on September 30, 2026 [43] [44]. Magic Matrix answered on October 22, 2026 [46]. Because the answer asserts insufficient service of process, [46] at 5, Plaintiff asked Magic Matrix's counsel on November 11, 2026, to confirm by November 13 whether Magic Matrix authorizes counsel to accept service on its behalf. Counsel has not responded. Plaintiff does not concede that the defense was preserved. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)(A). Magic Matrix has appeared, moved to dismiss, and answered through counsel, yet it has neither agreed to accept service through counsel

nor identified an address at which it can be served. So that service under the Hague Service Convention is directed to an address Magic Matrix has itself identified, Plaintiff requests that the Court order Magic Matrix, within seven days, either to confirm that its counsel will accept service on its behalf or to file a declaration under 28 U.S.C. § 1746 identifying its current address for service of process. Plaintiff will then serve Magic Matrix through the Central Authority of the People's Republic of China at that address. If Magic Matrix does neither, Plaintiff will proceed with service through the Central Authority at Magic Matrix's registered business address and reserves the right to seek alternative service.

Plaintiff and Magic Matrix are currently engaged in settlement discussions. Plaintiff circulated a draft initial status report to Magic Matrix's counsel on October 23, 2026, and on November 11, 2026, proposed holding the Rule 26(f) conference on November 12 or 13. The conference has not yet been held, and Plaintiff will continue to confer with Magic Matrix's counsel to schedule it.

B. Defendant Nos. 7 aomiss.com, 8 funiya.com, and 9 shelery.com ("Shenzhen Jijin")

Defendant Nos. 7, 8, and 9, whose manager attests that all three storefronts are owned by Shenzhen Jijin Technology Co., Ltd., [48-1] ¶ 2, appeared through counsel on October 29, 2026 [47]. On November 2, 2026, they moved to vacate the preliminary injunction or, alternatively, to modify the asset restraint, and to sever [48]. The motion is set for an in-person hearing on November 18, 2026, at 10:00 a.m. [49]. Plaintiff opposes the motion and has moved to stay the requested modification of the asset restraint until the close of fact discovery. *See* [51] (Plaintiff's Response in Opposition to [48] and Motion to Stay). Shenzhen Jijin was served through the Central Authority of the People's Republic of China under the Hague Service Convention on October 12, 2026 [50]. The Court's docket reflects that each of Shenzhen Jijin's answers was due November

2, 2026 [50]. Shenzhen Jijin has not answered. Its pending motion seeks relief under Rules 21, 54(b), and 65 [48]; it is not a motion under Rule 12 and does not extend the time to answer. *See* Fed. R. Civ. P. 12(a)(4).

Shenzhen Jijin has declined to hold the Rule 26(f) conference. On November 11, 2026, its counsel responded to Plaintiff's proposed conference dates that "[t]here is no obligation to conduct a Rule 26(f) conference at this time," and, after Plaintiff's counsel explained the requirements of Rules 16(b)(2), 26(d)(1), 26(f), and 37(f), replied: "File a motion if you want a Rule 26(f) conference." Because no party may seek discovery before that conference, Fed. R. Civ. P. 26(d)(1), and Shenzhen Jijin's pending motion turns on its own sales records, Plaintiff requests that the Court direct Plaintiff and Shenzhen Jijin to hold their Rule 26(f) conference within fourteen days.

## II. Non-Appearing Defendants

The remaining Defendants have not appeared. Following the Court's August 12, 2026 Order [42], Plaintiff emailed that Order to each Defendant on August 15, 2026, and requested a physical mailing address. Plaintiff is continuing to investigate and verify the candidate addresses it has obtained. For Defendants who have neither appeared nor engaged in settlement discussions, Plaintiff intends to file a renewed motion for alternative service for the defendants for whom no viable address can be identified, and to pursue service under the Hague Service Convention where a viable physical address is identified. Plaintiff has served one non-appearing Defendant through the Central Authority of the People's Republic of China on September 24, 2026, and its answer was due October 15, 2026 [45]. Once service is complete for all non-appearing defendants, Plaintiff will move for entry of default and default judgment against each served Defendant that fails to appear or otherwise defend within twenty-one (21) days thereafter.

## III. Proposed Next Steps

Plaintiff respectfully requests that the Court (1) direct Plaintiff and Shenzhen Jijin to hold their Rule 26(f) conference within fourteen days; (2) order Magic Matrix, within seven days, to confirm that its counsel will accept service on its behalf or to file a declaration identifying its current address for service of process; and (3) set a deadline of Wednesday, December 16, 2026, for Plaintiff to file a supplemental status report addressing the Rule 26(f) conferences with the appearing Defendants, a proposed discovery schedule, and the status of service on the non-appearing Defendants.

DATED: November 16, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on November 16, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt