**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Sally Walsh,

*Plaintiff*,

v.

The Partnerships and Unincorporated Association Identified on Schedule "A",

*Defendants*.

Case No. 1:26-cv-06675

**Judge Mary M. Rowland**

**MOTION FOR LEAVE TO EXTEND THE TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendants aomiss.com, funiya.com, and shelery.com (collectively, "Moving Defendants"), through undersigned counsel, respectfully move under Federal Rule of Civil Procedure 6(b)(1)(B) for leave to extend their time to answer or otherwise respond to the Complaint through fourteen (14) days after entry of the Court's order resolving their pending motion at Dkt. 48. Moving Defendants seek relief from the November 2, 2026 deadline identified in Plaintiff's recently filed returns of service. In support, Moving Defendants state as follows:

1. On November 2, 2026, Moving Defendants filed their Motion to Vacate the Preliminary Injunction or, Alternatively, to Modify the Asset Restraint, and to Sever for Misjoinder. Dkt. 48. That motion remains pending.

2. The Court set an in-person hearing concerning Moving Defendants' request to modify the preliminary injunction for November 18, 2026, at 10:00 a.m. Dkt. 49.

3. On November 16, 2026, Plaintiff filed returns of service reporting that aomiss.com, funiya.com, and shelery.com were served on October 12, 2026, and identifying November 2, 2026 as the deadline to answer. Dkt. 50.

4. Moving Defendants did not receive timely notice of the November 2 response deadline reflected in those returns. The returns were filed two weeks after that date had passed. Moving Defendants seek relief promptly following the November 16 filings.

5. Because the identified deadline has expired, Rule 6(b)(1)(B) requires good cause and excusable neglect. The inquiry considers prejudice, the length of delay and its effect on the proceedings, the reason for delay and whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

6. The circumstances support an enlargement. The missed deadline occurred against the background of delayed notice of the asserted response date and ongoing litigation concerning the injunction. Moving Defendants filed Motion to Vacate the Preliminary Injunction or, Alternatively, to Modify the Asset Restraint, and to Sever for Misjoinder on November 2, demonstrating their active participation in this action. They now seek an express order establishing their time to respond.

7. The requested extension will not prejudice Plaintiff. An extension of the response deadline would not itself alter the existing injunction or asset restraint. It would permit Moving Defendants to prepare their response with the benefit of the Court's ruling on the pending request for severance and related relief.

8. Considering these circumstances together, Moving Defendants respectfully submit that good cause and excusable neglect warrant the requested extension under Rule 6(b)(1)(B).

9. On November 16, 2026, undersigned counsel contacted Plaintiff's counsel to ascertain whether Plaintiff would consent to, not oppose, or oppose the requested extension. As of the filing of this Motion, Plaintiff's counsel has not responded.

**WHEREFORE**, Moving Defendants respectfully request that the Court grant this motion and extend their time to answer or otherwise respond to the Complaint, including relief from the November 2, 2026 deadline identified in Plaintiff's returns of service, through fourteen (14) days after entry of the Court's order resolving Dkt. 48, or such other date as the Court determines appropriate.

Dated: November 17, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: *<u>/s/ Jian Wang</u>*

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
(347) 776-0366
jwang@lyulawpllc.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/ Jian Wang*
Jian Wang